In this action, Mechanics Bank (hereinafter, the plaintiff) seeks to recover $18,000.00 from Joan Friedberg (hereinafter, the defendant) as a result of a check which she had deposited into her account and which was subsequently dishonored.
This case was tried on November 13, 1990 and on December 5, 1990 judgment entered for the defendant.
The plaintiff seeks review on the court’s ruling that the plaintiff’s notice to the defendant in January, 1989 was not made within a reasonable time as required by M.G.L.c. 106, §4-212 and that the delay precluded the plaintiff from charging back the defendant’s account.
At trial there was evidence to show that on September 22, 1988, Janet Schreiber, drew a check upon her account in the First Union National Bank (hereinafter “First Union”) in the amount of $18,000.00 payable to Saul Segal. Sometime prior to October 7, 1988 Segal endorsed the check “pay to the order of Joan H. Fried-berg (hereinafter the defendant)” and on October 7, 1988, the defendant endorsed the check and deposited it in her account at Mechanics Bank (hereinafter, the plaintiff). The plaintiff credited the defendant’s account and delivered the check into the Federal Reserve Bank system for clearance by First Union. The check was received by First Union on October 11, 1988. Sometime prior to October 11, 1988, Janet Schreiber had directed First Union to “stop payment” on the check. On October 12, 1988, there was a systems failure at First Union Bank and, as a result, the subject check was not returned until October 13, 1988. On October 18, 1988, the plaintiff received notice, through the Federal Reserve Bank, that the check had not been honored. On October 19, 1988, the plaintiff notified the defendant that the check had been dishonored.
On October 26, 1988, plaintiff filed a claim of late return and on or about November 11, 1988, the Federal Reserve Bank gave plaintiff provisional credit on the check. On November 23, 1988, First Union filed with the Federal Reserve a response to plaintiff’s claim of late return stating that First Union had processed the check appropriately. Thereafter, plaintiff gave First Union five weeks to process the check and on December 15, 1988, plaintiff gave defendant “provisional credit subject to final payment” in the amount of $18,000.00.
On January 12, 1989, the Federal Reserve Bank notified plaintiff that First Union had responded to the claim of late return and had dishonored the check.
On January 13,1989, plaintiff received an “Advice of Charge” from the Federal Reserve Bank notifying them that the credit of $18,000.00 from the Federal Reserve Bank to the plaintiff was reversed because the Claim of Late Return had been denied by the Atlanta branch of the Federal Reserve Bank.
Evidence produced at trial would show that after learning that the check had been dishonored, plaintiff branch manager instructed a co-worker to contact the defendant. The branch manager testified that it was the plaintiff s policy to contact *268 a customer rather than immediately charge back the account.
On January 27, 1989, plaintiffs branch manager sent a letter to defendant notifying her of the Federal Reserve Bank’s reversal of credit and asking her to return the $18,000.00 to plaintiff bank.
The defendant did not return the $18,000.00 to the plaintiff.
Complaint was filed in the Central District Court and on December 4, 1990, judgment entered for the defendant, Friedberg.
The Court found that the plaintiff failed to advise defendant in a timely manner of the Federal Reserve Board’s “advice of charge” and that this failure operated to discharge the defendant from liability on her endorsement. The court found the plaintiff’s delay to have been unexplained and unreasonable.
The plaintiff is seeking review on the court’s ruling that the plaintiff’s notice to the defendant in January, 1989 was not made within a reasonable time as required by M.G.L.c. 106, §4-212 and that the delay precludes the plaintiff from exercising its right to charge back the defendant’s account
Massachusetts General Laws c. 106, §4-212 provides, in part:
1. If a collecting bank has made provisional settlement with its customer for an item and itself fails by reason of dishonor, suspension of payments by a bank or otherwise to receive a settlement for the item to its customer’s account or obtain refund from its customer whether or not it is able to return the item if by its midnight deadline or within a longer reasonable time after it learns the facts it returns the item or sends notification of the facts, (emphasis added)
This provision enables a bank to charge back the amount of any credit given to the customer’s account provided the bank sends notification of the facts by its midnight deadline or within a reasonable time after learning the facts.
In this case, the evidence was that the plaintiff’s bank received notice from the Federal Reserve Bank on January 12, 1989, that First Union had responded to the claim of late return and had dishonored the check. The evidence admitted in this case was that plaintiff's bank sent a letter to the defendant on January 27, 1989. Clearly, notice was not given by the midnight deadline. There was no evidence admitted at trial, either through testimony or through an offer of proof that the plaintiff’s bank could not have complied with the UCC notification requirements. Based on the evidence the Court found that the delay between plaintiff’s receipt of notice from the Federal Reserve Bank and plaintiff’s notice to the defendant was unexplained and unreasonable.
The plaintiff is also seeking review of the Trial Judge’s precluding Barske from testifying about his knowledge of the plaintiff’s efforts to contact defendant.
During the course of the trial Barske, plaintiff’s branch manager, attempted to offer testimony that attempts had been made to reach the defendant by telephone. This testimony was excluded by the Trial Judge as “double hearsay” as the judge determined that Barske was attempting to testify “as to an out-of-court conversation with his employee as to her out-of-court conversation with Friedberg.” No offer of proof was made.
Plaintiff asserts that the judge erred in this ruling and as authority, plaintiff claims that the extra judicial statement is not hearsay when offered to show that the person to whom the declaration was made received notice where notice is due or received a demand where demand is due. LIACOS, HANDBOOK OF MASSACHUSETTS EVIDENCE, 5th ed., at 263. Plaintiff asserts that if plaintiff’s witness Barske had been permitted to testify he would have stated that a co-worker had told him that following his instructions, she had attempted to contact the defendant by telephone, but had been unsuccessful.
In his Findings the trial judge found that:
*269 On January 27, 1989, Mechanics sent a letter to Friedberg notifying her of the FRB’s reversal of credit, asserting that the December 15, 1988, $18,000.00 credit to her Mechanics account was provisional in nature and asking that she return $18,000.00 to Mechanics to cover the reversal. Although there were some testimonial allusions to an earlier telephone notice from Mechanics to Friedberg, the substance thereof was excluded as double hearsay (to wit, Barske’s testifying as to an out-of-court conversation with his employee as to her out-of-court conversation with Fried-berg). Thus, the credible evidence establishes only that the January 27, 1989 letter was Friedberg’s first notice that Mechanics’ had suffered an $18,000.00 debit from the FRB, a debit of which Mechanics had received notice on January 13, 1989. Because the January 27, 1989, letter was at best, mailed to Friedberg on a Friday, I infer that the earliest she was likely to have received it was Monday, January 30, 1989.
It would appear that the statement in question was, therefore, properly excluded.
Massachusetts General Laws c. 106, §4-213 provides, in part that:
1. An item is finally paid by bank when the bank has done any of the following, whichever happens first:
a. paid the item in cash; or
b. settled for the item without reserving a right to revoke the settlement and without having such right under statute, clearing house rule or agreement; or
c. completed the process of posting the item to the indicated account of the drawer, maker or other person to be charged therewith; or
d. made a provisional settlement for the item and failed to revoke the settlement in the time and manner permitted by statute, clearing house rule or agreement.
Upon a final payment under subparagraph (b), (c) or (d) the payor bank shall be accountable for the amount of the item.
The Trial Judge further found that, the omission to revoke the December 15, 1988 provisional credit in a timely fashion (the January 13, 1989-January 30, 1989 delay being unreasonable) converted the provisional credit into a final payment, G.L.c. 106, §4-213 (a) (d), with the result that Friedberg’s December 19, 1989 withdrawal became unencumbered by any “provisional credit” limitation.
Based on the provisions of U.C.C. §4-212 (1) and the Findings of the Trial Judge as well as all of the evidence admitted in this case it appears that plaintiff’s delay in notifying defendant of the check having been dishonored was unexplained and unreasonable and that, therefore, plaintiff is precluded from charging back defendant’s account.
Accordingly, judgment properly entered for the-defendant and we dismiss the report.